### SHAW v. SHAW.

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

FRAUDULENT CONVEYANCES—INFLUENCE OF GRANTEE.

A transfer of her property by a woman to her intended husband cannot be sustained in his favor where he testifies that he had no affection for her, and refused to marry her on any terms other than an absolute conveyance to him of all her property, and letters which passed between them show an infatuation on her part which might impel her to give him all her estate free from any conditions.

Appeal from special term, Westchester county.

Action by Emma L. Shaw against her husband, Winfield S. Shaw, to compel him to account for $14,680.42, received by him from her prior to their marriage. There was a decree for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Havens & Beebe,* for appellant.    *Abner C. Thomas,* for respondent.

PRATT, J.    Three witnesses testify that defendant received plaintiff's funds upon a trust to invest them for her benefit. The court below credited the testimony, and his decree requiring defendant to account must be sustained. The defendant strenuously insists that the complaint charges him with fraudulently obtaining the plaintiff's money, and claims that the judgment against him is erroneous, for the reason that no fraud is shown. If his construction of the complaint is correct, his own testimony that he took plaintiff's money without intending to hold it for her benefit, taken in connection with the testimony of the witnesses that it was given for that purpose, seems sufficiently to establish fraud. Defendant testified that plaintiff gave him her money three days before their wedding, without any trust for her benefit, and in consideration of the marriage. He says he had no affection for the plaintiff, and refused to marry her upon any other terms than an absolute conveyance to him of all her property free from any trust in her favor. She did not consult

her friends upon the subject, nor have legal advice. She had recently passed the age of 21 years. Defendant had some experience as a business man. The letters written by plaintiff to defendant, and by him put in evidence, abundantly establish an infatuation upon her part which might impel her to give plaintiff all her estate free from any conditions. Upon the facts as stated by defendant, we fail to see how the transfer to him of the property of his intended wife could be sustained. *Cooke* v. *Lamotte*, 15 Beav. 234, holds that, where any relation exists by virtue of which one person is able to exercise dominion over another, the court will annul a transaction under which a person possessing that power takes a benefit, unless he can show the transaction was a righteous one. *Page* v. *Horne*, 11 Beav. 227, 236, was a case where a woman, a day before marriage, revoked a marriage settlement in consequence of which all her personal property vested in her husband upon the marriage. Upon the trial the wife testifies in favor of her husband, but the court held the revocation void. *Baker* v. *Loader*, L. R. 16 Eq. 49. An old lady employed a solicitor to prepare deeds by which she conveyed all her property to a third party in consideration of an agreement to be supported for life. The court set aside the deeds, and made the solicitor pay the costs, to teach solicitors that they must not encourage people in such acts of folly. In *Taylor* v. *Taylor*, 8 How. 183, a daughter who had received a legacy made it over to her father, in order to put herself on an equality with the other children. That was set aside by her heirs after her death, because she had had no legal advice, and because the court inferred there must have been undue influence, or she would not have done so unreasonable a thing. Were the facts in this case such as the defendant alleges them to be, the conveyance to the defendant could not stand. Judgment affirmed, with costs.